# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HIGINIO BARRERA,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., et al.

    Respondents.

Case No. 2:15-cv-01515-JCM-GWF

**ORDER**

    The court dismissed ground 7 of the petition (ECF No. 7) with prejudice because it was procedurally defaulted (ECF No. 29). The court also found that grounds 1 through 6 and 8 were not exhausted. (Id.) Petitioner has filed a motion for partial dismissal without prejudice (ECF No. 32). Although the dismissal of grounds 1 through 6 and 8 technically is without prejudice, petitioner likely will be unable to litigate those grounds. The bar against successive petitions, 28 U.S.C. § 2244(b), and the one-year statute of limitations, 28 U.S.C. § 2244(d)(1), probably will prevent future litigation of those grounds. Nevada has similar laws that make litigation of the grounds in state court unlikely.

    Petitioner also asks the court for a partial dismissal "of ground 7 as procedurally defaulted ("unexhausted") to resolve this matter [in] State Court with the [possibility] to refile again, if the State of Nevada does not find an appropriate relief." ECF No. 32, at 1. The court agrees with respondents. Ground 7 is exhausted, but it also is procedurally defaulted because the Nevada Supreme Court determined that the corresponding ground in the state habeas corpus petition could have been raised on direct appeal. This court determined that petitioner had not demonstrated actual

innocence to excuse the procedural default. ECF No. 29, at 3-5. If petitioner tried to litigate this ground again in state court, and then he tried to litigate this ground again in this court, the result would be the same. That is why the court dismissed ground 7 with prejudice. Petitioner cannot litigate ground 7 again.

IT IS THEREFORE ORDERED that petitioner's motion for partial dismissal without prejudice (ECF No. 32) is **GRANTED** in part. Grounds 1 through 6 and 8 of the petition (ECF No. 7) are **DISMISSED** from this action.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: January 5, 2017.

_____
JAMES C. MAHAN
United States District Judge