# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HIGINIO BARRERA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, SR., et al.,<br><br>Respondents. | Case No. 2:15-01515-JCM-GWF<br><br>**ORDER** |

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7), respondents' answer (ECF No. 51), and petitioner's reply (ECF No. 52). The court finds that relief is not warranted on the remaining ground, and the court denies the petition.

After a jury trial in state district court, petitioner was convicted of battery constituting domestic violence, battery with the use of a deadly weapon constituting domestic violence, and burglary while in possession of a deadly weapon. Ex. 27 (ECF No. 13-7). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 43 (ECF No. 13-23). Petitioner then filed a post-conviction habeas corpus petition in the state district court. Ex. 50 (ECF No. 13-30). The state district court denied the petition. Ex. 62 (ECF No. 13-42). Petitioner appealed, and the Nevada Court of Appeals affirmed. Ex. 92 (ECF No. 14-17).

Petitioner then commenced this action. The petition originally contained nine grounds for relief. The court dismissed ground 7 because it was procedurally defaulted, and the court found

1

that grounds 1 through 6 and 8 were not exhausted. ECF No. 29. Upon petitioner's election, the court dismissed the unexhausted grounds. ECF No. 34. Ground 9 remains.

Reasonable jurists would not find debatable or wrong the court's ruling on the dismissal of these grounds, and the court will not issue a certificate of appealability for the dismissals of grounds 1 through 8.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

2

Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

Ground 9 is a claim that the evidence was insufficient to support the jury's verdicts. On this issue, the Nevada Supreme Court held:

Appellant Higinio Barrera contends that insufficient evidence was adduced to support the jury's verdict. Barrera claims that the victim was not credible because her various statements and trial testimony were inconsistent and contradictory and the State failed to produce evidence to corroborate her "scattered story of the alleged events." We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mitchell v. State, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

The victim testified that Barrera, her boyfriend at the time of the offense, believed that she was cheating on him. The victim's son-in-law testified that Barrera told him that he believed she was cheating on him and that "[h]is friends were basically motivating him to kill her." The son-in-law repeated a story Barrera told him about a Cuban man who murdered his wife because she was cheating on him and "that's what Cubans do; they don't . . . allow themselves to be humiliated." The victim testified that on the night of the attack, Barrera came to her apartment wearing white cloth gloves, put a rope around her neck, began choking her, and stated that he was going to kill her. The victim testified that Barrera stabbed her with a knife taken from her kitchen. Without objection, the State noted for the record that the victim pointed to the scar from the stabbing on "the lower portion of the neck; the upper portion of the chest." The victim also cut her hand on the knife while trying to defend herself. Barrera, however, testified that the victim attacked him with a knife and cut herself in the process. At trial, the victim identified the rope and knife used in the attack, and the white gloves Barrera was wearing at the time.

It is for the jury to determine the weight and credibility to give conflicting testimony, McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); see also NRS 33.018; NRS 200.481; NRS 205.060(1). Therefore, we conclude that Barrera's contention is without merit, and we

ORDER the judgment of conviction AFFIRMED.

| | |
|---|---|
| 1 | Ex. 43, at 1-3 (ECF No. 13-23, at 2-4).  The court has reviewed the transcript of the trial and the |
| 2 | statutes governing battery and burglary.  The testimony of the victim is consistent with the |
| 3 | Nevada Supreme Court's description.  <u>See</u> Ex. 20, at 36-52 (ECF No. 12-20, at 37-53).  Although |
| 4 | petitioner argues that the victim should not be believed, the Nevada Supreme Court correctly |
| 5 | noted that it is the duty of the jury to determine whom to believe.  Based upon the testimony at |
| 6 | trial, the Nevada Supreme Court's ruling was not an unreasonable determination of fact in light of |
| 7 | the evidence presented, and it was not an unreasonable application of <u>Jackson v. Virginia</u>. |
| 8 | Ground 9 is without merit. |
| 9 | Reasonable jurists would not find debatable this court's conclusion, and the court will not |
| 10 | issue a certificate of appealability for ground 9. |
| 11 | IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus pursuant to |
| 12 | 28 U.S.C. § 2254 (ECF No. 7) is **DENIED**.  The clerk of the court shall enter judgment |
| 13 | accordingly and close this action. |
| 14 | IT FURTHER IS ORDERED that a certificate of appealability will not issue. |
| 15 | DATED: July 13, 2018. |

*(signature)*

JAMES C. MAHAN
United States District Judge